UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

KENNETH MERCER

                             Plaintiff,

                           -against-

THE CITY OF NEW YORK; POLICE OFFICERS
JONATHAN CORREA, (shield no. 7869); and
DANIEL SPAETH (tax no. 946563).

                            Defendants.
-------------------------------------------------------------------- X

**FIRST AMENDED COMPLAINT**

JURY TRIAL DEMANDED

15-CV-1988 (ER)

Plaintiff KENNETH MERCER, by and through his attorneys, **THE LAW OFFICES OF KENNETH F. SMITH, PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.

2. The claims arise from an April 7, 2014 incident in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment, malicious prosecution, unlawful stop and seizure, assault and battery.

1

3. The plaintiff seeks monetary damages (special, compensatory and punitive) against defendants, as well as an award of attorney's fees and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, 1343 and 1367(a).

5. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

6. Venue herein is proper for the United States District Court for the Southern District of New York under 28 U.S.C. §1391 (a), (b) and (c), in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action.

## PARTIES

8. Plaintiff KENNETH MERCER is a forty-four year old male who at all times hereinafter mentioned was and is a resident of the State of New York. He is of African-American descent.

9. Defendant CITY OF NEW YORK ("the CITY") is a municipality organized and existing under the laws of the State of New York. It operates the New York City Police Department ("NYPD") a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police

officers and supervisory police officers, including the individually named defendants herein.

10. Defendants JONATHAN CORREA and DANIEL SPAETH are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of defendant City of New York and/or the New York City Police Department. Defendants Correa and Spaeth are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

11. The defendant police officers are sued in their individual and official capacities.

## STATEMENT OF FACTS

12. On April 7, 2014, approximately 7:45AM, plaintiff was walking in the NYC Subway system inside of Grand Central Station when he felt a tap on his shoulder and turned to see defendant police officer Jonathan Correa.

13. Defendant Correa, who was not wearing a uniform, flashed an NYPD badge and asked plaintiff to follow him because he, defendant Correa, had to ask plaintiff some questions.

14. Plaintiff complied and walked with defendant Correa to a slightly less crowded area within the subway station whereupon defendant Correa began to question plaintiff.

15.     Plaintiff cooperated fully with defendant Correa and answered all of Correa's questions, notwithstanding Correa's refusal to state *why* he was questioning plaintiff.

16.     After some time, during which plaintiff continued to cooperate fully with defendant Correa, and defendant Correa steadfastly refused to offer any explanation as to why he was detaining plaintiff, Correa used a radio to call additional police officers.

17.     In a short time, additional, uniformed police officers arrived, one of whom handed handcuffs to defendant Correa.

18.     Defendant Correa then handcuffed plaintiff and led him through and out of the rush-hour-crowded subway station to the street in front of Grand Central Station, while still refusing to provide any explanation as to the reason for this humiliating exercise.

19.     Plaintiff was transported to a local police precinct where he was "processed" and then placed into a filthy holding cell.

20.     Several hours later, defendant Correa came into the cell area and finally revealed that plaintiff was being arrested for "sexually assaulting" someone on the train approximately one week prior.

21.     Defendant Daniel Spaeth, (the supervising officer on duty), approved, ratified and acquiesced to the arrest of plaintiff.

22.     Plaintiff was arraigned on the evening of April 7, 2014, being charged, in a criminal court complaint, under docket number 2014 NY0 27929, with the crimes of Forcible Touching (NYPL § 130.52), a Class "A" misdemeanor, and Sexual Abuse in the Third Degree (NYPL § 130.55), a Class "B" misdemeanor.

23.     The criminal court complaint filed at plaintiff's arraignment did not name a complaining witness.

24. No corroborating affidavits or supporting depositions by the alleged "victim" were filed at plaintiff's arraignment nor at any time during the proceedings against plaintiff.

25. Plaintiff was released on his own recognizance, and instructed to return to court, which he did, on five successive adjournments until, on January 5, 2015, the charges were dismissed by the New York County District Attorney.

26. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's office at 1 Centre Street, New York, New York.

27. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

28. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

## GENERAL ALLEGATIONS

29. Plaintiff did not commit any sexual assaults or any other crimes against any persons as alleged by defendant police officers in the criminal court complaint filed on April 7, 2014.

30. Plaintiff did not resist arrest or act in anything less than a wholly cooperative manner with defendant police officers during their so-called "investigation".

31. Plaintiff did not possess any contraband or other illegal materials at any time in the above-mentioned incidents.

32. At all times during the events described, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority

5

of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

33. During all of the events described, the defendant police officers acted maliciously and with intent to injure plaintiff.

34. Defendant Correa unlawfully stopped plaintiff without reasonable cause to believe that he had committed any crimes, illegally searched plaintiff without reasonable cause to believe he possessed contraband or weapons, and illegally arrested plaintiff with no probable cause to believe that he had committed a crime.

35. The individual defendant police officers acted under pretense and color of state law in their individual and official capacities and within the scope of their employment. Said acts by said defendant police officers were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendant officers acted maliciously, willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

36. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a) Violation of plaintiff's right, pursuant to the Fourth Amendment of the United States Constitution, to be free from unreasonable search and seizure;

    b) Violation of plaintiff's New York State constitutional rights under Article 1, §12, to be free from an unreasonable search and seizure;

    c) Violation of plaintiff's right to Free Speech, pursuant to Article 1 §8 of the New York State constitution and the First Amendment to the United States Constitution

    d) Violation of plaintiffs' right to Due Process of Law pursuant to Article 1, §6 of the New York State constitution and the Fourteenth Amendment to the United States Constitution.

    e) Pain and suffering;

    f) Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience and anxiety;

    g) Loss of liberty.

## FIRST CAUSE OF ACTION
### (UNLAWFUL STOP, SEARCH AND SEIZURE UNDER FEDERAL LAW)

37. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

38. On the above incident date, defendant Correa unlawfully detained, stopped, frisked, patted down, and searched, plaintiff without either reasonable suspicion that plaintiff was committing a crime or probable cause to believe plaintiff had committed a crime.

39. Additionally defendant Correa unlawfully seized property from plaintiff.

40. Accordingly, defendant Correa is liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM
### (FALSE ARREST UNDER FEDERAL LAW)

41. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

42. On the above incident date, defendant Correa falsely arrested plaintiff without an arrest warrant, probable cause, or any reasonable suspicion that plaintiff had committed or was in the process of committing a crime.

43. Accordingly, defendant Correa is liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM
### (MALICIOUS PROSECUTION UNDER FEDERAL LAW)

44. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

45. Defendant Correa initiated, commenced and continued a malicious prosecution against plaintiff.

46. Defendant Daniel Spaeth, as the supervising police officer, ratified, approved and continued a malicious prosecution against plaintiff.

47. Defendant police officers caused plaintiff to be prosecuted without any probable cause until the charges were dismissed after multiple court appearances some eight months after they were commenced.

48. By their conduct, as described herein, and acting under color of state law, defendant police officers are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the First and Fourteenth Amendments to the United States Constitution.

49. As a direct and proximate result of the abuse of authority detailed above, plaintiff sustained the damages stated.

## FOURTH CLAIM
### (FAILURE TO INTERVENE UNDER FEDERAL LAW)

50. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

51. On the above described incident date, defendant police officer Daniel Spaeth did not have direct contact with plaintiff but had a reasonable opportunity to observe and to prevent the violations of plaintiff's constitutional rights, but failed to intervene.

52. Accordingly, Defendant Spaeth is liable to plaintiff for failing to intervene to prevent the violation of plaintiff's Constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments.

## FIFTH CLAIM
### (FALSE ARREST AND FALSE IMPRISONMENT UNDER STATE LAW)

53. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

54. By their conduct, as described herein, the individual defendant police officers are liable to plaintiff for falsely imprisoning and falsely arresting him.

55. Plaintiff was conscious of his confinement.

56. Plaintiff did not consent to his confinement.

57. Plaintiff's confinement was not otherwise privileged.

58. Defendant City of New York, as an employer of the individual police officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

59. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### (MALICIOUS PROSECUTION UNDER STATE LAW)

60. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

61. Defendant Correa initiated, commenced and continued a malicious prosecution against plaintiff.

62. Defendant Daniel Spaeth as the supervising police officer, ratified, approved and continued a malicious prosecution against plaintiff.

63. By their conduct as described herein, defendant police officers are liable to plaintiff for having committed malicious prosecution under the laws of the state of New York.

64. Defendant police officers maliciously commenced criminal proceeding against plaintiff, charging him with Forcible Touching and Sexual Abuse in the Third Degree. Defendant police officers falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

65. The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

66. All charges were terminated in plaintiff's favor.

67. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

68. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SEVENTH CLAIM
### (ASSAULT AND BATTERY UNDER STATE LAW)

69. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

70. By their conduct, as described herein, the defendant police officers are liable to plaintiff for having assaulted and battered him.

71. Defendant city of New York, as an employer of the individual defendant police officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

72. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## EIGHTH CLAIM
### (NEGLIGENT HIRING, TRAINING AND RETENTION OF EMPLOYMENT SERVICES UNDER STATE LAW)

73. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

74. Defendant CITY, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

75. Upon information and belief, the individual defendant police officers were unfit and incompetent for their positions

76. Upon information and belief, defendant CITY knew or should have known through the exercise of reasonable diligence that the individual defendant police officers were potentially dangerous.

77. Upon information and belief, defendant CITY 's negligence in screening, hiring, training, disciplining, and retaining these defendant police officers proximately caused each of plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands a jury trial and the following relief, jointly and severally against the defendants:

   a. Compensatory damages in an amount to be determined by a jury;

   b. Punitive damages in an amount to be determined by a jury;

   c. Costs, interest and reasonable attorney's fees, pursuant to 42 U.S.C. § 1988; and,

   d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.


Dated:   Brooklyn, New York
         February 29, 2016

                                   Respectfully submitted,

                                   **KENNETH F. SMITH**
                                   Counsel for Plaintiff


                                   The Law Offices of
                                   Kenneth F. Smith, PLLC
                                   16 Court Street, Suite 2901
                                   Brooklyn, NY 11241
                                   (646) 450-9929
                                   (646) 514-4524 (FAX)